JUSTICE LEAPHART
dissenting.
¶38 I dissent. Section 39-2-904(l)(a), MCA, provides that a discharge is wrongful if it was in retaliation for the employee’s refusal to violate public policy or for reporting a violation of public policy. Ritchie filed a wrongful discharge from employment claim against the Town and Mayor asserting that he was terminated for refusing to violate public policy when he continued to issue traffic citations despite being told to stop writing tickets and give warnings. Relying on § 39-2-904(l)(b), *106 MCA, the District Court held that, since Ritchie had not completed his probationary period of employment, he was not entitled to a hearing to determine whether his termination was for violation of public policy. Although the District Court did not address the applicability of § 7-32-4113, MCA, this Court affirms on the basis that the probationary period of employment for police officers specified in § 7-32-4113, MCA, controls. I disagree with both rationales.
¶39 Section 39-2-904(l)(a), MCA, clearly provides that a discharge is wrongful if it was in retaliation for the employee’s refusal to violate public policy or for reporting a violation of public policy. As the Court recognizes (and then ignores), this provision is independent of the requirements in § 39-2-904(l)(b), MCA, or § 7-32-4113, MCA, that the employee have completed his probationary period. Clearly, the legislature was interested in requiring that employers treat their employees consistently with public policy regardless of whether the employees were probationary or permanent employees. At the risk of sounding circuitous, the Court’s holding is itself contrary to public policy in that it encourages employers to terminate probationary employees for refusing to violate public policy. The legislatively expressed concern with upholding “public policy” trumps the employer’s safe harbor with regard to probationary employees. Under the Court’s holding of today, an unscrupulous employer has a license to violate public policy so long as it only asks probationary employees to do its bidding. This precedent would seem to make a mockery of any concern with public policy. I would reverse the grant of summary judgment.